UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVNIA

| | |
|---|---|
| KEVIN H. BOGGS )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>         )<br>RADIUS GLOBAL SOLUTIONS )<br>)<br>        Defendant. ) | Case No.  2:18-cv-04007-JD |

## RADIUS GLOBAL SOLUTIONS, LLC, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Radius Global Solutions, LLC ("RGS"), through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, states for its answer and affirmative defenses to the complaint filed by plaintiff, Kevin H. Boggs, as follows:

## COMPLAINT

1. RGS denies the allegations in ¶ 1 for lack of knowledge or information to form a reasonable belief therein.

2. RGS admits that it is a limited liability company that has an office located at 7831 Glenroy Road, Suite 250, Edina, Minnesota.  Except as specifically admitted, RGS denies the allegations in ¶ 2.

3. RGS denies the allegations in ¶ 3 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

## JURISDICTION AND VENUE

4. RGS denies the allegations in ¶ 4 as calling for a legal conclusion.

1

5. RGS denies the allegations in ¶ 5 as calling for a legal conclusion.

6. RGS denies the allegations in ¶ 6 as calling for a legal conclusion.

7. RGS denies the allegations in ¶ 7 as calling for a legal conclusion.

## PARTIES

8. RGS denies the allegations in ¶ 8 for lack of knowledge or information to form a reasonable belief therein.

9. RGS denies the allegations in ¶ 9 as calling for a legal conclusion.

10. RGS admits only that part of its business includes the collection of unpaid accounts or obligations and has an office located at the address listed in ¶ 10. Except as specifically admitted, RGS denies the allegations in ¶ 10.

11. RGS denies the allegations in ¶ 11 as written and calling for a legal conclusion.

12. RGS denies the allegations in ¶ 12 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

## FACTUAL ALLEGATIONS

13. RGS admits only that it contacted plaintiff in a lawful attempt to collect an unpaid account or obligation, but denies any and all damages, liability and/or violations to the extent alleged in ¶ 13. Except as specifically admitted, RGS denies the allegations in ¶ 13.

14. RGS denies the allegations in ¶ 14.

15. RGS denies the allegations in ¶ 15.

16 RGS denies the allegations in ¶ 16.

17. RGS denies the allegations in ¶ 17.

18. RGS denies the allegations in ¶ 18.

19. RGS denies the allegations in ¶ 19.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

20. RGS denies the allegations in ¶ 20, including subparagraphs (a) through (d), and further denies plaintiff is entitled to any relief.

In response to the paragraph beginning with WHEREFORE under Count I, RGS denies that plaintiff is entitled to the relief sought, including subparagraphs (a) through (d).

## COUNT TWO
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

21. RGS reasserts the foregoing as if fully stated herein.

22. RGS denies the allegations in ¶ 22 as calling for a legal conclusion.

23. RGS denies the allegations in ¶ 23 as calling for a legal conclusion.

24. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 20102(4) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

25. RGS denies the allegations in ¶ 25.

26. The UTPCPL speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

## RGS' AFFIRMATIVE DEFENSES

3

1. To the extent any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. RGS denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of RGS's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, wavier and/or unclean hands.

4. Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than RGS and were beyond the control or supervision of RGS or for whom RGS was and is not responsible or liable.

6. Plaintiff has failed to state a claim against RGS upon which relief may be granted.

7. To the extent RGS attempted to collect a debt from plaintiff, the debt is not subject to the FDCPA.

8. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the complaint.

9. Plaintiff fails to plead one or claims with sufficient specificity.

WHEREFORE, defendant, Radius Global Solutions, LLC, having answered plaintiff's complaint completely, respectfully requests that judgment be entered in its favor and against plaintiff dismissing the complaint with prejudice and awarding

defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: September 18, 2018                    Respectfully Submitted,


        /s/ Andrew J. Blady, Esq._____
        Andrew J. Blady, Esq.
        SESSIONS FISHMAN NATHAN & ISRAEL
        3682 Green Ridge Road
        Furlong, PA 18925
        Telephone: (267) 544-0840
        Email: ablady@sessions.legal
        Counsel for Defendant,
        Radius Global Solutions, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2018 a copy of the foregoing was served electronically via ECF, including on plaintiff's counsel described below:

Fred E. Davis, IV
DAVIS CONSUMER LAW FIRM
2300 Computer Road – Ste. G39
Willow Grove, PA 19090

                                            /s/ Andrew J. Blady_____
                                            Andrew J. Blady, Esq.

\\SFNI-FS01\Prolawdocs\8821\8821-45379\Boggs, Kevin H\3088745.docx